UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 04-M-1116-JGD |
| ) | |
| KENNY SCALES ) | |

DEFENDANT'S MEMORANDUM REGARDING
INAPPLICABILITY OF 18 U.S.C. § 3142(f)(1)(A)

Defendant, Kenny Scales, submits this memorandum to address the inapplicability of 18 U.S.C. § 3142(f)(1)(A) to this case. The government has moved for detention on two grounds, 18 U.S.C. §§ 3142(f)(1)(A) ("a case that involves . . . a crime of violence") and (f)(2)(A) ("a serious risk that such person will flee"). The first ground is not applicable. Mr. Scales will address the second ground at the detention hearing.

Mr. Scales has been charged in the District of Maine with possessing a stolen firearm in violation of 18 U.S.C. § 922(j). Such an offense is not "a crime of violence." United States v. Fernandez, 144 F. Supp. 2d 115, 120-22 (N.D.N.Y 2001). As many of the judges in this Court have held, offenses for simple possession of a firearm do not constitute "a crime of violence." United States v. Phillips, 732 F. Supp. 255, 250-62 (D. Mass. 1990) (Keeton, J.); United States v. Say, 233 F. Supp. 2d 221, 225 (D. Mass. 2002) (Swartwood, M.J.); United States v. Silva, 133 F. Supp. 2d 104, 109-13 (D. Mass. 2001) (Alexander, M.J.). See also United States v. Doe, 960 F.2d 221 (1st Cir. 2002) (Breyer, J.) (being a felon-in-possession of a firearm is not a "violent felony" for purposes of Armed Career Criminal Act); United States v. Bell, 966 F.2d 703 (1st Cir. 1992).

For these reasons, the Court should reject the government's motion for detention to the extent it is grounded on 18 U.S.C. § 3142(f)(1)(A).

Dated: September 27, 2004

KENNY SCALES
By his attorney,

Peter B. Krupp
B.B.O. #548112
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Tel: 617-367-1970